IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAMBRIANS FOR THOUGHTFUL
DEVELOPMENT, U.A., *et al.*

                      Plaintiffs,

  v.

DIDION MILLING, INC.,

                      Defendant.

MEMORANDUM
AND ORDER

07-C-246-C

---

      This is a citizen suit brought under the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, for alleged pollution violations committed by defendant Didion Milling, Inc., at its grain milling plant in the Village of Cambria, Wisconsin.  Plaintiffs Cambrians for Thoughtful Development, U.A., John Mueller, Tom Jansma and Mary Jansma allege that defendant failed to install sock filters on the silo vents and operated a grain dryer outside of permitted times in violation of the terms of air pollution control permit 02-RV-166 and 06-DCF-166, respectively.

      Before the court is plaintiffs' motion to compel defendant to provide discovery.  At issue are four email chains between defendant's outside attorney, Donald Gallo, and defendant's employees and consultants.  Didion has refused to produce these documents, claiming that they are protected by the attorney-client and/or work product privilege.  As will be discussed below, I am denying plaintiffs' motion because the emails constitute protected attorney work product. (Plaintiffs' motion also raised other, less-substantive objections to the adequacy of defendant's discovery responses, but defendant has alleged--without response from plaintiffs--that all of these

issues have been resolved. Accordingly, this order addresses only the dispute with respect to the emails.)

I find the following facts solely for the purpose of deciding the instant motion.

FACTS

On October 19, 2006, the Wisconsin Department of Natural Resources issued permit number 06-DCF-166, which authorized Didion to modify its Cambria plant to install equipment for the production of ethanol.  On December 6, 2006, the DNR conducted a site visit at the Cambria facility.  As a result of that visit, the agency issued a Notice of Violation ("NOV") on December 20, 2006, alleging that Didion had operated a grain dryer outside the operating conditions of the permit, in violation of Wis. Admin. Code § NR 406.10.  The DNR scheduled an enforcement conference for January 10, 2007, indicating that Didion should come prepared to "discuss the circumstances that led to the violations and what is being done to prevent future violations from occurring."  The DNR advised Didion that it considered the alleged violations to meet the federal criteria of High Priority Violations of the Clean Air Act and that the department was authorized to seek injunctive or other appropriate relief, including significant monetary penalties.

In response to the NOV, Didion contacted its lawyer, Donald Gallo of the law firm of Reinhart Boerner Van Deuren, S.C., and asked him to help it resolve the alleged violation issue. Gallo, in turn, contacted Kevin Miller, Bill Broydrick and Greg Hubbard.  Miller is a consultant employed by Natural Resource Group, Inc., and serves as Didion's "technical advisor."

Broydrick and Hubbard are members of Broydrick & Associates, a Wisconsin lobbying firm, and serve as Didion's political consultants.

Between December 27, 2006 and January 15, 2007, Gallow, Didion brass, Miller and the political consultants exchanged a series of four emails about the NOV. These electronic transmissions are the subject of the instant motion to compel. Defendant contends that all four transmissions are protected from disclosure by the work product privilege and that two of the four are also protected by the attorney-client privilege.

## DISCUSSION

The work product privilege is codified in Fed. R. Civ. P. 26(b)(3), which grants limited protection against discovery to documents and materials prepared "in anticipation of litigation." In order for a party to invoke the protection of the work product privilege, there must have been more than a "remote prospect of future litigation" when the documents were prepared. *Binks Mfg. Co. v. National Presto Indus. Inc.*, 709 F.2d 1109, 1118 (7th Cir. 1983) (quoting *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 604 (8th Cir. 1977)). Documents should be deemed prepared in "anticipation of litigation" only if "in light of the nature of the document and the factual situation and the particular case, the document can fairly be said to have been prepared or obtained *because* of the prospect of litigation." *Id*. at 1118-1119 (quoting 8 Wright & Miller, Federal Practice & Procedure, § 2024) (emphasis added). Documents prepared in the ordinary course of a party's business, even if prepared at a time when litigation was reasonably anticipated, are not protected work product because such documents cannot fairly be described as having been prepared "because of" actual or impeding litigation. *United States v. Adlman*, 134

3

F.3d 1194, 1202 (2d Cir. 1998). At the least, the party seeking to assert the work product privilege has the burden of proving that "some articulable claim, likely to lead to litigation, has arisen." *Binks*, 709 F.2d at 1119 (quoting *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 865 (D.C. Cir.1980)). *See also Hercules, Inc. v. Exxon Corp.*, 434 F. Supp 136, 151 (D.C. Del. 1977) (work product protection available if "prospect of litigation is identifiable because of specific claims that have already arisen").

Defendant has met this burden. The emails at issue were not prepared in the ordinary course of Didion's business but were prepared directly in response to a possible DNR-initiated forfeiture action with respect to a specific claim: Didion's alleged violation of permit 06-DCF-166. The likelihood that the DNR might take administrative action against Didion was more than a "remote possibility;" the agency threatened such action expressly in its NOV letter of December 20, 2006.[1]

Plaintiffs take too narrow a view of the work product privilege when they argue that the protection applies only to materials that were prepared in anticipation of *this* lawsuit. As the Supreme Court observed in *Federal Trade Commission v. Grolier Inc.*, 462 U.S. 19, 25 (1983), a case brought under the Freedom of Information Act, "the literal language of the Rule protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." (Emphasis in original). Although the Court decided that case without actually construing Rule 26(b)(3), it noted that the overwhelming majority of courts had found

---

[1]Although plaintiffs appear to concede this point, I note that "litigation" includes "proceedings before administrative tribunals if they are of an adversarial nature." 8 Wright & Miller, Federal Practice & Procedure, § 2024.

4

that work product materials retained their immunity from discovery after termination of the litigation for which the documents were prepared. *Id*. I agree that this is the sounder view, particularly where, as here, the instant litigation is closely related to the DNR enforcement action. *See Hercules, Inc.*, 434 F. Supp. at 153 (work product prepared for one case have same protection in second case where two cases closely related in parties or subject matter). As defendant points out, plaintiffs' cause of action related to the operation of the grain dryer is based upon the same facts and legal theories that were the subject of the NOV. Under this scenario, counsel's emails conveying his strategy and mental impressions relating to the NOV are protected.

    Having concluded that all of the emails are protected by the work product privilege, I decline to address defendant's alternative contention that the January 14 and 15 emails are also protected by the attorney-client privilege. For what it's worth, however, I note that defendant has not made a strong showing that the lobbyists were part of defendant's legal team with respect to responding to the NOV or that Didion was operating under a reasonable belief that its communications with Gallo and the outside consultants were privileged attorney-client communications. As a final remark in the "for what it's worth" category, I note that although I am denying plaintiffs' motion, the prejudice to them is marginal: the emails in question do not appear to contain any information that plaintiffs cannot obtain through other means, such as depositions and interrogatories.

ORDER

IT IS ORDERED that plaintiffs' motion to compel disclosure of the December 27, 2006, January 9, 2007, January 14, 2007 and January 15, 2007 emails between Didion, its representatives and its attorney is DENIED.

Each party shall bear its own costs associated with bringing and defending this motion.

Entered this 27th day of November, 2007.

BY THE COURT:
/s/
STEPHEN L. CROCKER
Magistrate Judge