IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CAMBRIANS FOR THOUGHTFUL
DEVELOPMENT, U. A., JOHN MUELLER,
TOM JANSMA and MARY JANSMA,

                            Plaintiffs,

                v.

DIDION MILLING, INC.,

                          Defendant.

OPINION AND  ORDER

07-cv-246-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Cambrians for Thoughtful Development, U.A. and several Cambria, Wisconsin residents brought this action under the Clean Air Act, 42 U.S.C. § 7604(a), for injunctive relief and civil penalties, alleging that defendant Didion Milling, Inc. violated the Clean Air Act and permits issued to it pursuant to the Act.  Although it was undisputed that defendant had committed a series of permit and Clean Air Act violations,  I concluded that plaintiffs lacked standing to pursue their claims because the  violations alleged were not ongoing at the time the complaint was filed and were certain not to recur.  Consequently, plaintiffs failed to demonstrate that a favorable decision in this case was likely to afford them redress for their injuries as required by Lujan v. Defenders of Wildlife, 504  U.S. 555, 561

1

(1992), and their amended complaint was dismissed for lack of subject matter jurisdiction.

Defendant now moves to recover its attorney fees pursuant to 42 U.S.C. § 7604(d) and $2567.81 in costs pursuant to Rule 54(d) and 28 U.S.C. § 1920.  Plaintiffs oppose both motions, arguing that an award of fees is inappropriate and the motion for costs is untimely and improper procedurally.  I find that defendant is not entitled to recover its attorney fees, but that costs should be awarded by the clerk of court.


OPINION

42 U.S.C. § 7604(d) provides as follows:

> The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is appropriate.

The purpose of the statute is to promote private enforcement of environmental laws. Therefore, like the analogous civil rights fee shifting statute, it presumes that prevailing plaintiffs are entitled to recover fees, while prevailing defendants may recover only if the suit was frivolous or pursued in bad faith.  Citizens for a Better Environment v. Steel Co., 230 F.3d 923, 930-31 (7th Cir. 2000).  This action does not fall within the type of case for which defendants may be awarded fees.  To the contrary, plaintiffs brought the action in good faith, relying on admitted past violations by defendant.  Although they failed to

2

establish subject matter jurisdiction, they advanced reasonable, though ultimately unsuccessful arguments in favor of standing. It is undisputed that defendant violated the Clean Air Act repeatedly by failing to comply with the terms of its permits and that its violations led to unlawful particulate emissions that had adverse consequences for plaintiffs. Defendant, however, had obtained replacement permits that imposed different requirements on its milling operation and plaintiff had not yet served notice of alleged violations of the new permits. Plaintiffs sought to sustain standing to recover on the past violations, arguing that defendant's history of violations and likelihood of future violations were sufficient to support a finding that penalties for past violations would deter future violations. Although I ultimately did not find standing to be appropriate under that theory, it was not a frivolous or baseless argument. It would be inappropriate to award fees to defendant simply because plaintiffs were unable to hit defendant's moving target of ongoing Clean Air Act violations.

I find no basis on which to deny defendant's motion to file a bill of costs pursuant to Rule 54(d)(1). Plaintiffs object to defendant's request for costs because it was filed as a motion before the court rather than as a bill of costs filed with the clerk of court. To the extent that defendant's filing was procedurally improper, there was no prejudice to the plaintiffs and no substantive reason not to grant defendant's motion for leave to file a bill of costs.

ORDER

IT IS ORDERED that defendant Didion Milling, Inc.'s motion for attorney fees is DENIED and that defendant's motion for leave to file bill of costs is GRANTED.

Taxation of costs is referred to the clerk of court.

Entered this 5th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4